## Kelly *v.* Donnelly, Appellant.

*Fences—Boundary line—Encroachment.*

In constructing a fence on a division line between two lots, it is proper to require that the fence shall be so built as not to extend onto the land of one of the owners a greater distance than onto the land of the other.

Argued Jan. 17, 1902. Appeal, No. 48, Jan. T., 1902, by defendant, from decree of C. P. Lackawanna Co., May T., 1899, No. 1, on bill in equity in case of Ellen C. Kelly v. James F. Donnelly. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D PORTER, JJ. Affirmed.

Bill in equity for an injunction.

GUNSTER, J., found the facts to be as follows :

1. Ellen C. Kelly, the plaintiff, is the owner of a lot of land situated on the westerly side of Madison avenue, in the city of Scranton. The defendant, James F. Donnelly, is her neighbor. He is the owner of and resides on a lot of land which adjoins Mrs Kelly's lot on the north. The lots are each 150 feet deep and are improved with dwelling-houses thereon. Some years ago the parties erected an iron fence on the division line between them from the front line of the lots on Madison avenue to the front line of Mrs. Kelly's house. This left an opening of about a foot wide between the fence and the house which was closed with boards. At the same time they erected a post-and board fence on the line between them from the alley in the rear to the rear line of Mrs. Kelly's house, leaving a like space between the fence and the house as in front, and this space was also closed with boards. Each of the parties paid one half of the cost of the fences so erected by them. No fence appears to have ever been built between the houses from the iron fence in front to the wooden fence in the rear.

2. Sometime ago the plaintiff, to suit her own convenience, moved her house. This left an open gap between the fences constructed eight years ago, as already mentioned, and the defendant, without consulting his neighbor, undertook to close the gap by the erection of a fence there. The plaintiff alleges

that the defendant has unlawfully taken possession of the northerly side of her lot, and that he has erected some posts thereon, and that he threatens to continue in such unlawful possession and to erect a fence on her land. The defendant denies that he has unlawfully taken possession of any part of the plaintiff's land, or that he has erected, or is about to erect, a fence thereon. He admits that he is about to erect a fence, but alleges that it will be erected upon his own land, and for the purpose of dividing his land from that of the plaintiff.

Notwithstanding these conflicting allegations, there is no conflict in the testimony as to where the division line between the parties is, or as to where the defendant contemplates the erection of his fence. Both of the surveyors, Mr. Dunning, called for the plaintiff, and Mr. Wolf, called for the defendant, testified, and I find as a fact, that the fence is being built on the line, but in such a manner that the northerly face of the posts and rails will be on the mathematical division line between the lots in question, leaving the posts and rails entirely on Mrs. Kelly's land; while the southerly face of the boards to be put on the fence will be on the division line, leaving the boards entirely on the defendant's land.

In this connection I find the further fact, that the boards proposed to be used are one inch thick, and that the posts and rails proposed to be used are from three and a half to six inches thick and that if the fence be erected by the defendant, as now proposed, more than three quarters thereof will be upon the land of Mrs. Kelly, the plaintiff.

The trial judge, citing Barber v. Mensch, 157 Pa. 390, Shriver v. Stephens, 20 Pa. 138, Dysart v. Leeds, 2 Pa. 488, and Sparhawk v. Twitchell, 1 Allen, 450, further found as follows:

Under the undisputed facts in the case, and the authorities cited, I am of the opinion that the defendant should be restrained from constructing a fence on the division line between himself and the plaintiff in such a manner that more than one half thereof shall be on the land of the plaintiff.

Exceptions to the adjudication were dismissed, and the following decree was entered:

And now, May 13, 1901, the court does now dismiss the exceptions, and it is ordered, adjudged and decreed that the de-

458 KELLY v. DONNELLY, Appellant.

Statement of Facts—Opinion of the Court. [19 Pa. Superior Ct.

fendant, James F. Donnelly, his agents, servants and employees be hereafter perpetually enjoined from constructing a fence on the division line between his lot and the lot of the plaintiff in such a manner that the same shall extend onto the land of the plaintiff a greater distance than onto the land of the defendant.

*Error assigned* was the decree of the court.

*Thomas P. Duffy*, with him *George M. Watson*, for appellant cited: Ogden v. Porterfield, 34 Pa. 191; Brown v. McKinney, 9 Watts, 566; Smith v. Johnson, 76 Pa. 196; Dysart v. Leeds, 2 Pa. 490.

*W. S. Huslander*, for appellee, cited: Dysart v. Leeds, 2 Pa. 488; Smith v. Johnson, 76 Pa. 196; Jenkins v. Fowler, 24 Pa. 308; Sparhawk v. Twitchell, 1 Allen (Mass.), 450; Kennedy v. Owen, 131 Mass. 431; Newell v. Hill, 2 Met. (Mass.), 180; Holbrook v. McBride, 4 Gray (Mass.), 220

OPINION BY WILLIAM W. PORTER, J., February 14, 1902:

The plaintiff and defendant own adjoining lots upon which houses were erected. By reason of the removal of one of the houses it became necessary to construct a portion of the fence between the properties. The trial judge finds, and the court on exceptions confirms the finding, "That the fence is being built on the line, but in such a manner that the northerly face of the posts and rails will be on the mathematical division line between the lots in question, leaving the posts and rails entirely on Mrs. Kelly's land; while the southerly face of the boards to be put on the fence will be on the division line, leaving the boards entirely on the defendant's land." The result is a projection greater on one side of the line than on the other. This method of constructing the fence was enjoined. The final decree of the court below requires that no fence shall be constructed by the defendant on the division line between the lots owned by the parties, which "shall extend on to the land of the plaintiff a greater distance than on to the land of the defendant." This was clearly right. The trial judge has given to the case an adjudication containing not only full findings, but an admirable discussion of the law. This the court below,

after due hearing on exceptions, has confirmed in an adequate opinion. Further discussion is, therefore, unnecessary. We are unanimous in entering the order.

Decree affirmed.